```
1              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF VIRGINIA
2                   ALEXANDRIA DIVISION

3   UNITED STATES OF AMERICA,    )  Case 1:23-cr-173
                                 )       1:24-cr-179
4              Plaintiff,        )
                                 )
5        v.                      )  Alexandria, Virginia
                                 )  August 23, 2024
6   RICK TARIQ RAHIM,            )  10:22 a.m.
                                 )
7              Defendant.        )
                                 )  Pages 1 - 16
8

9           TRANSCRIPT OF PRE-INDICTMENT PLEA

10      BEFORE THE HONORABLE CLAUDE M. HILTON

11        UNITED STATES DISTRICT COURT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25     COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

Rhonda F. Montgomery  OCR-USDC/EDVA  (703) 299-4599

1  APPEARANCES:

2  FOR THE PLAINTIFF:

3        KIMBERLY M. SHARTAR, ESQUIRE
          KENNETH R. SIMON, JR., ESQUIRE
4        OFFICE OF THE UNITED STATES ATTORNEY
          2100 Jamieson Avenue
5        Alexandria, Virginia  22314
          (703) 299-3700
6
    FOR THE DEFENDANT:
7
          ANN MASON RIGBY, ESQUIRE
8        OFFICE OF THE FEDERAL PUBLIC DEFENDER
          1650 King Street, Suite 500
9        Alexandria, Virginia  22314
          (703) 600-0800
10
          RICHARD WEBER, ESQUIRE
11       WINSTON & STRAWN LLP
          200 Park Avenue
12       New York, New York  10166-4193
          (212) 294-6700
13
    THE DEFENDANT, RICK RAHIM, IN PERSON
14

15

16

17

18

19

20

21

22

23

24

25

1                P R O C E E D I N G S

2            THE COURTROOM DEPUTY:  Criminal Cases 23-173

3   and 24-179, *United States of America v. Rick Tariq*

4   *Rahim*.

5            Would counsel please note their appearances

6   for the record.

7            MS. SHARTAR:  Kim Shartar and Ken Simons on

8   behalf of the United States.

9            THE COURT:  Good morning.

10           MS. RIGBY:  Good morning, Your Honor.  Ann

11  Mason Rigby and Richard Weber on behalf of Mr. Rahim,

12  who is present.

13           THE DEFENDANT:  Good morning, Your Honor.

14           THE COURT:  All right.  Will the defendant

15  come to the podium and be sworn.

16           THE DEFENDANT:  Good morning, Your Honor.

17      (The defendant is sworn.)

18           THE COURT:  All right.  Mr. Rahim, you've now

19  been placed under oath.  I'm going to ask you certain

20  questions concerning the plea and the offense.

21           Do you understand that if you give any false

22  answers to any of these questions, you're subjecting

23  yourself to a charge of perjury?

24           THE DEFENDANT:  I do.

25           THE COURT:  Would you state your full name.

1              THE DEFENDANT:  Rick Tariq Rahim.

2              THE COURT:  And how old are you?

3              THE DEFENDANT:  So 55 or 56.  I think 56.

4              THE COURT:  All right.  What's the extent of

5     your education?

6              THE DEFENDANT:  High school.

7              THE COURT:  Now, have you reviewed your plea

8     agreement which has been signed by you on the one hand

9     and the government on the other?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Does it contain the entire

12     understanding you've reached with the government in

13     this matter?

14              THE DEFENDANT:  Yes.

15              THE COURT:  Have you received a copy of the

16     criminal information and gone over it with your

17     attorney?

18              THE DEFENDANT:  I have.

19              THE COURT:  Do you understand you have the

20     right to go before the grand jury, be formally indicted

21     before you can be forced to stand trial?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  I understand you desire to waive

24     that right.

25              THE DEFENDANT:  I do.

1          THE COURT:  Now, you understand this

2     information charges you with wire fraud?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And you understand that in order

5     to convict you of this offense, the government would

6     have to prove beyond a reasonable doubt that you did,

7     in fact, commit wire fraud and that you did so

8     knowingly, willfully, and intentionally?

9          THE DEFENDANT:  I do.

10          THE COURT:  Have you told your counsel all

11     the facts about the case that you know?

12          THE DEFENDANT:  I have.

13          THE COURT:  Do you feel you've had a

14     sufficient length of time to confer with your attorney

15     in order to fully understand the case?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.  You understand that

18     if the plea is accepted, you could be imprisoned up to

19     20 years, pay a fine of $250,000 or twice the gain or

20     loss involved in this offense, serve up to 3 years of

21     supervised release in addition to paying the special

22     assessment fine of $100?

23          THE DEFENDANT:  I do.

24          THE COURT:  And do you understand that any

25     sentence that may be imposed will be affected by the

1  sentencing guidelines, and if you violate the terms or

2  the conditions of your supervised release, you'd have

3  to serve that period of time?

4          THE DEFENDANT:  I do.

5          THE COURT:  You also understand you have an

6  absolute right to plead not guilty?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And you understand that if you

9  did plead not guilty, you have certain constitutional

10  guarantees, that is, the right to a speedy and public

11  trial by jury if you want a jury, the right not to

12  testify and to remain silent unless you want to

13  testify, the right to see, hear, and to cross-examine

14  all witnesses against you, the right to use the process

15  of this court to compel the production of evidence and

16  attendance of witnesses in your behalf, and the right

17  to the assistance of a lawyer at all stages of the

18  proceedings?  Do you understand that by pleading

19  guilty, you'll give up these constitutional guarantees?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Do you understand that by

22  pleading guilty, the Court may impose the same

23  punishment as if you had been tried and convicted by a

24  jury?

25          THE DEFENDANT:  Yes, sir.

1            THE COURT:  Now, has anyone made any promise

2    or threat to induce you to plead guilty?

3            THE DEFENDANT:  No.

4            THE COURT:  Along with this plea agreement

5    was filed and handed to me a statement of facts.  Have

6    you've reviewed this statement of facts?

7            THE DEFENDANT:  I have.

8            THE COURT:  And have you reviewed it with

9    your attorney?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Do you disagree with any

12   particular with this statement of facts?

13           THE DEFENDANT:  No.

14           THE COURT:  Is what this statement says

15   happened, in fact, what did happen?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Now, you understand that once

18   you've pled guilty, you cannot refuse to testify

19   against any confederates, accomplices, or codefendants

20   who may now or hereafter be charged with the same or

21   associated crime?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  You understand that by pleading

24   guilty, you waive the right to object to any questions

25   concerning the legality of the omission or seizure of

1   any evidence in connection with this case?

2            THE DEFENDANT:  Yes.

3            THE COURT:  And you understand if your plea

4   is accepted now, there will be no further trial of any

5   kind and you will be found guilty?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Do you make any claim that you

8   are innocent to the charge contained in this criminal

9   information?

10           THE DEFENDANT:  I do not.

11           THE COURT:  How do you plead?

12           THE DEFENDANT:  Guilty.

13           THE COURT:  All right.  The Court finds the

14  plea voluntarily, intelligently, and there's a factual

15  basis to support the plea, and finds the defendant

16  guilty of the charge contained in this criminal

17  information.

18           MS. SHARTAR:  Your Honor, I just want to make

19  sure that we have a couple of things for the record,

20  but it is a little bit unusual.  That in addition to

21  the plea agreement, we're also doing an addendum to the

22  plea agreement in his other case.

23           THE COURT:  All right.

24           MS. SHARTAR:  That is Case 1:23-cr-173.  So

25  in that sense, the promises that he is reaching is for

1  both in consideration of the plea agreement in

2  1:24-cr-179 and 1:23-cr-173.  All right.  Does that

3  make sense?

4          THE COURT:  So what does that mean in

5  relation to 173?

6          MS. SHARTAR:  Yes.  So first, we want to make

7  sure that the Court is on board to consolidate it.

8  That would be one sentencing for both cases.  So that's

9  one issue that, I think, we wanted to clarify.

10          THE COURT:  I'll be glad to do that.  What

11  day do you want to set it?

12          MS. SHARTAR:  Then I also just want, if

13  possible, for the defendant to acknowledge the addendum

14  to the plea agreement because we didn't go over that in

15  the plea colloquy at all.

16          THE COURT:  I'm sorry?

17          MS. SHARTAR:  Because the plea colloquy we

18  just did was about the investment fraud case.  I just

19  want, if possible, to have him acknowledge on the

20  record that he also signed an addendum to the plea for

21  the tax fraud case.  Does that make sense?

22          THE COURT:  I don't understand the thrust of

23  this motion or what you want me to do.  I agreed to

24  consolidate it if you want it set for the same

25  sentencing date, but I don't understand what you want

1  me to do here.

2          MS. SHARTAR:  Yes, Your Honor.  The addendum

3  to the plea agreement in the tax case narrowed the loss

4  amount, and so we just want to make it clear on the

5  record that there's been further agreement to the tax

6  agreement and to make sure that the defendant

7  acknowledges it on the record.

8          THE COURT:  I understand that.  That's been

9  admitted here on the record.

10         MS. SHARTAR:  I'm just trying to make a clear

11 record because the entire plea colloquy was about the

12 investment fraud, and this is specific to the tax

13 fraud, Your Honor.

14         THE COURT:  Well, you want me to find him

15 guilty of the tax case?

16         MS. SHARTAR:  No.  No.  No.  I just want the

17 record to be clear that we have made an addendum to the

18 plea agreement for the tax fraud and that the

19 defendant --

20         THE COURT:  We've got that.  That's been

21 filed.  I have seen that.  I looked at it.

22         MS. SHARTAR:  I was just hoping to have the

23 defendant acknowledge it, Your Honor.  That's all.

24         THE COURT:  Acknowledge what?  That you filed

25 it?

1          MS. SHARTAR:  That he signed it.

2          THE COURT:  Well, he has already signed.

3          MS. SHARTAR:  Yes, Your Honor.  It just

4    wasn't clear on the record -- that's all -- because the

5    entire record --

6          THE COURT:  You told me.  They are not

7    objecting to that.

8          MS. SHARTAR:  Okay.  My apologies, Your

9    Honor.

10          THE COURT:  All right.

11          MS. SHARTAR:  And then I'll pass up the

12    documents for both cases.

13          THE COURT:  All right.  So what date do you

14    want sentencing?  Do you want them sentenced together?

15          MS. SHARTAR:  Yeah.  So I believe that the

16    defense is asking for that to be continued and reset to

17    be with the investment fraud.

18          THE COURT:  All right.  But the presentence

19    report will already be prepared.  What date do you want

20    to set it?

21          MS. RIGBY:  Your Honor, we're asking for

22    December 20.  The parties have agreed pursuant to the

23    plea agreement to ask for a date in December, that is,

24    to give probation the additional time needed to add in

25    and consider the facts in the fraud case and whether

1  the counts should --

2          THE COURT:  I don't mind putting it out, but

3  let me see if I'm going to be here.  Yes, December 20

4  will be fine.

5          MS. RIGBY:  Thank you, Your Honor.

6          THE COURT:  The case will be continued to

7  December 20.  You can send me an order.  If you want to

8  continue that other one and consolidate the cases, send

9  me an order.

10         MS. RIGBY:  Yes, Your Honor.

11         MS. SHARTAR:  Your Honor, the government

12  would also like to have his pretrial conditions of

13  release changed given the investment fraud conduct.

14  Part of it occurred while he was on supervised release

15  for both the tax case and for the public corruption

16  case in the Western District of Virginia.  My

17  understanding is that pretrial was supposed to file a

18  violation for his pretrial conditions based on this new

19  conduct.

20         THE COURT:  Do you want me to change that?

21         MS. SHARTAR:  Yeah.  So --

22         THE COURT:  What do you want changed?

23         MS. SHARTAR:  So first, the new case is

24  specific to him giving investment advice, so offering

25  investment advice, posting on social media investment

1  advice.

2         The government would ask, one, that he not

3  give any investment advice to anybody whether it's free

4  investment advice or selling the investment advice.  He

5  should not be offering any sort of product that's

6  related to finances, to find certain stocks, to find

7  cryptocurrency, to anything that's related to

8  individual finances, trading.  He should not be -- have

9  any sort of ability to give any sort of advice in that

10 area.

11        THE COURT:  All right.  Do you have an

12 objection to that?

13        MS. RIGBY:  I do, Your Honor.  Your Honor,

14 first of all, we got about ten minutes notice of these

15 proposed changes to the conditions, and they're

16 overbroad.  There is nothing -- we have no problem with

17 the one sliver of that, which is that he should not be

18 permitted to offer a product that relates to investment

19 advice for money.  We don't have a problem with that,

20 Your Honor.

21        But what the government is asking for is much

22 broader than that, which is that he not be able to give

23 an opinion or advice on anything to do with investment

24 even if he's not asking for any money for it.  There's

25 nothing illegal about that.  So to require him to just

1  not speak about something is basically a First

2  Amendment violation and overbroad in this case.

3      They haven't pointed to any particular

4  statement that gives them concern or anything since

5  Mr. Rahim stopped receiving money in this area, which

6  he did a few weeks ago.

7      And further, the suggestion that he should be

8  required to stay off of social media is equally

9  overbroad.

10      So, Your Honor, we do object to these.

11      We don't object to the condition that he not

12  offer anything -- you know, investment advice for

13  money.  We don't object to that.  But beyond that, it's

14  way overbroad.

15      THE COURT:  All right.  Well, it seems to me

16  that that covers it, that he offer no advice for a fee.

17      MS. SHARTAR:  So the problem with that is the

18  way this entire scheme started, and the way it first

19  started was he was going on TikTok, which is like a

20  video that you publish to the world.  And before he was

21  even selling the product, he was talking about how

22  great his investment advice is, how wealthy he is, that

23  he owned this mansion, that he owns these cars, and

24  then the selling portion actually came later.  And the

25  way he sold it was by offering monthly subscriptions.

1          THE COURT:  Well, as long as we stop him,

2    that takes care of the whole problem.  Nobody loses.

3          MS. SHARTAR:  Except for the fact he is a

4    schemer.  One of the times that he was selling the

5    investment advice, he actually opened up a credit card

6    processing in his friend's name.  So when you went and

7    looked at the records on paper, his friend's name was

8    on it, but the money was actually going into his

9    account.  He is constantly finding --

10          THE COURT:  Well, if he does that, he will be

11   prosecuted again, I assume.

12          I agree that's overbroad.  I will modify it

13   to the extent that he may not receive any money from

14   giving advice or giving advice for money.

15          MS. SHARTAR:  Yes, Your Honor.  I would say

16   that would cover any sort of financial advice or

17   investment advice is what the government would ask for.

18          THE COURT:  That's what I'll do.

19          MS. SHARTAR:  And then similarly, my

20   understanding was pretrial was going to ask for some

21   sort of computer monitoring or limit his ability to

22   post on social media.  I don't have a report.  So I

23   don't know if that recommendation was indeed made, but

24   this entire case started by him being on social media

25   and posting.  And so the government would ask that if

1  probation is requesting to supervise his electronics,

2  that they be able to do so.

3          THE COURT:  I will order that at sentencing

4  when the time comes, when I know more about it.

5          MS. SHARTAR:  Okay.  The Court's indulgence,

6  Your Honor.

7          THE COURT:  Pardon?

8          MS. SHARTAR:  May I ask my cocounsel a

9  question before we adjourn, Your Honor?

10         THE COURT:  Yes.

11     (Government counsel confer.)

12         MS. SHARTAR:  Thank you, Your Honor.

13         THE COURT:  All right.  Thank you.

14         MS. RIGBY:  Thank you, Judge.

15         -----------------------------------
                    Time:  10:37 a.m.
16

17

18

19

20

21
        I certify that the foregoing is a true and
22
     accurate transcription of my stenographic notes.
23

24
                              _____
                                      /s/
25                            Rhonda F. Montgomery, CCR, RPR


      Rhonda F. Montgomery  OCR-USDC/EDVA  (703) 299-4599