IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICK TARIQ RAHIM,<br><br>a/k/a Tariq Afzal Rahim,<br><br>Defendant. | Criminal Nos. 1:23-CR-173<br>&<br>1:24-cr-179 |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DELAY REPORTING TO THE BOP

The United States of America, by and through its attorneys, respectfully oppose the defendant Rick Rahim's ("defendant" or "Rahim") last minute motion to delay his reporting to the Bureau of Prisons ("BOP"). The defendant's request is an emergency of his own making. He has known since at least July 17 that his report date was weeks, not months, away. This is the latest in a string of attempts to delay the ultimate consequence, imprisonment, for his crimes.

Well over a year ago, on March 15, 2024, the defendant pleaded guilty to willfully failing to account for and pay trust fund taxes withheld from his employees' paychecks. Case No. 1:23-cr-173, Dkt. 32. For this, along with his other tax conduct between 2009 and 2022, he defrauded the IRS of between $4.4 and $4.6 million in taxes. Dkt. 63, ¶¶ 39, 56, 62, 69. Additionally on August 23, 2024, Rahim pleaded guilty to a single wire fraud count for his longstanding investment fraud scheme. Case No. 1:24-cr-179, Dkt. 10. The investment fraud was widespread, by which he used multiple methods, to defraud thousands of investors. The tax and investment fraud cases were consolidated for sentencing on the defendant's motion. Case No. 1:23-cr-173, Dkt. 42, 43; Case

No. 1:24-cr-179, Dkt. 3, 5. Since his initial tax guilty plea, his sentencing hearing was reset four times. *See* Case No. 1:23-173, Dkt. 40, 44, 52, and 61.[1] His last request to move his sentencing was just days prior to the hearing. This request was denied, despite him claiming that he needed an expert to testify as to the ability of the BOP to handle his health problems. Dkt. 71, 75. On March 14, 2025, the defendant was sentenced to 78 months of imprisonment on the wire fraud charge and 60 months for the tax charge, to run concurrently. Dkt. 76. At his sentencing, the defendant requested that his BOP report date be delayed till after Labor Day 2025. The court denied this request and instead approved a report date of after May 28, 2025, *id.*, which the United States consented to in part because of the then pending case in the Western District of Virginia ("W.D.Va.") for his bribing a public official. *See United States v. Rick Tariq Rahim*, 3:23-cr-00011. For that case, the defendant was sentenced on May 29, 2025, to 18 months of imprisonment, to run concurrently with his sentences in the Eastern District of Virginia ("E.D.Va."). *Id.* at Dkt. 341.

In addition, he has failed to abide by his terms of supervision. Pre-Trial Services in E.D.Va. has been supervising the defendant. In the days after his sentencing in E.D.Va., between March 15 and April 29, 2025, he purchased nine cars with lines of credit for over $239,200. This was despite him agreeing to both significant restitution and forfeiture. More pointedly, he violated his terms of release to not open any new financial accounts or lines of credit over $1,000 unless authorized by PreTrial Services. Because of the defendant's scheduled self-surrender to BOP on August 6, 2025, no action letter was filed on July 25, 2025. His lack

---

[1] For ease of reference, from this point forward the motion will only reference 1:23-cr-173. The investment fraud case, 1:24-cr-179, has identical filings on its docket.

of abiding to his terms of supervision raises serious concerns on if he can be trusted to be on release. Specifically, whether he is directing yet another fraud scheme.

The defendant was aware of his self-surrender date. According to a conversation with his supervising officer, Pre-Trial services notified Rahim on July 17, 2025, that Rahim could report to the BOP as early as July 29, 2025. Then, on July 24, 2025, Rahim was notified (by both a telephone call and email) that his self-report date had been scheduled for August 6, 2025, in Butner, North Carolina. *See United States v. Rick Tariq Rahim,* 1:23-cr-173 (E.D.Va.), Dkt. 69-2. To follow up, his probation officer contacted him on Monday, August 4, 2025. During that conversation, the defendant did not raise any issues with his ongoing health claims, including that he went to the hospital over the weekend for dehydration, or that his wife was presently out of the country. They did discuss his transportation to North Carolina for which the defendant informed his officer that he planned to take an Uber. His probation officer only learned of his request to delay his BOP reporting when government counsel contacted them on August 5.

Apparently, despite knowing on July 24, 2025, that he had a BOP report date of August 6, 2025, the defendant's wife left the country on July 30, 2025. Dkt. 69-3. Importantly, she left **after** he was notified of his August 6 report date. A few scenarios are possible here. It is possible he did not tell her, and she did not know he was due to report to the BOP while she was out of the country. Perhaps she knew, and they were okay with the children being left alone.[2] According to the PSR, the children are at least 15 and 16 years old. Dkt. 63, ¶ 198. Regardless, once she was due to be out of the country, the defendant could have made

---

[2] Probation also spoke to the defendant on Tuesday, August 5, 2025. Probation understands that the defendant was not concerned that his children would be left home alone while waiting for his wife to return.

3

alternative plans to care for the children. Instead, the defendant is filing an emergency motion the night prior to his reporting to the BOP in North Carolina. What is very clear is that the defendant is not taking his reporting date to the BOP seriously.

As for his health concerns, as the court is aware, Butner is qualified to handle significant medical issues of inmates. The defendant can bring his medical records and his expert's opinion to Butner and let them know of his more pressing health concerns. The defendant also appears to have scheduled additional non-emergency medical appointments for his teeth and a colonoscopy, despite being told well in advance that his report date would only be delayed till after May 28, 2025. The defendant could have dealt with these other medical issues well before August, given he was sentenced in March by this Court and in May by the W.D.Va. court.

The defense's motion is silent as to the defendant's violations of supervision. These violations should not be ignored as they show a consistent attitude held— that the rules do not apply to him. This defendant has had significant delays in his case, albeit for various reasons, including dealing with the convictions from his serious criminal activity (tax fraud, investment fraud of thousands, and public corruption) spanning decades across the Commonwealth of Virginia. He should not be allowed to delay his BOP reporting because he claims to have believed he could report later, despite being told a specific date as early as July 17 that was then updated on July 24, both of which occurred before his wife left the country on July 30.

The defense suggests the solutions that the defendant be allowed to report after his wife's return on August 13, 2025, or after September 17, 2025. But he fails to consider two other options. His wife can make arrangements to come home *immediately*. The defendant, or his wife, can make plans for the children to have a place to stay with friends or family until she

returns. According to the PSR, the defendant's brother lives in Loudoun County Virginia. Dkt. 63, ¶ 197.

For the reasons stated above, the United States respectfully requests this Court to deny the Defendant's Motion.

                Respectfully submitted,

                Erik S. Siebert
                United States Attorney

By:_____/s_____
     Kimberly M. Shartar
     Assistant United States Attorney
     703-299-3875
     kimberly.m.shartar@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **August 6, 2025**, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Kimberly M. Shartar
Kimberly M. Shartar